**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VEENA SHARMA,<br><br>      Plaintiff,<br><br>      v.<br><br>SANTANDER BANK,<br><br>      Defendant. | **Civil Action No.<br>19-12184-FDS** |
| VEENA SHARMA,<br><br>      Plaintiff,<br><br>      v.<br><br>FIDELITY INVESTMENTS,<br><br>      Defendant. | **Civil Action No.<br>19-12186-FDS** |
| VEENA SHARMA,<br><br>      Plaintiff,<br><br>      v.<br><br>ATTORNEY DOMENIC S. TERRANOVA, et al.,<br><br>      Defendants. | **Civil Action No.<br>19-12220-FDS** |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

      In October 2019, plaintiff Veena Sharma filed these three civil actions, all of which are related to three earlier actions in Essex Superior Court to which she was a party. She is

proceeding *pro se* and *in forma pauperis*.

As set forth below, in 2010, the Trustees of the Andover Gardens Condominium Trust procured a judgment in Essex Superior Court against plaintiff for unpaid condominium fees. Shortly thereafter, the Trustees commenced a second action against her for the appointment of a receiver. In February 2011, the court appointed a receiver, and, on January 26, 2012, he filed a final account and asked to be discharged. Plaintiff (who was represented by counsel) and the Trustees assented to the motion and the case was dismissed.

On November 13, 2018, plaintiff commenced an action in Superior Court against the Trustees. That action alleged that in June 2011 she had learned that the Trustees had unlawfully withdrawn funds totaling $192,000 from her accounts at Sovereign Bank (now known as Santander Bank) and Fidelity Investments. Applying the Massachusetts three-year tort statute of limitations, the court dismissed the action as time-barred.

In these three federal actions, plaintiff now seeks damages based on claims that Santander, Fidelity, the Trust, the Trust's attorney, the receiver, and her own attorney committed the federal crimes of bank embezzlement, mail fraud, wire fraud, and bank fraud.

Summonses have not issued pending the court's review of the complaints. The court may dismiss any complaint brought by a party proceeding *in forma pauperis* if it is malicious, frivolous, seeks damages against a party immune from such relief, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). In conducting its review, the court must construe the complaint liberally because plaintiff is proceeding *pro se*. A federal court also has an obligation to inquire *sua sponte* into its own jurisdiction. *See United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016).

For the reasons stated below, it is at least doubtful that the court has subject-matter

jurisdiction, because the claims are "insubstantial, implausible, . . . [and] otherwise completely devoid of merit." *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974). But because such jurisdiction appears to exist, the cases will be dismissed for failure to state a claim because they are barred by the statute of limitations and principles of claim preclusion.

## I. Factual Background

### A. Prior State Actions

On October 9, 2008, the Trustees initiated an action against plaintiff in Essex Superior Court seeking unpaid condominium common charges. *See Trustees of Andover Gardens Condo Trust v. Sharma*, 0877CV02005 (Essex Superior Ct., Mass.) (*Trustees of Andover Gardens Condo Trust v. Sharma I*").[1] On the docket, the lawsuit is characterized as one for "Condominium Lien & Charges." Domenic S. Terranova was the attorney for the Trustees. Plaintiff appeared *pro se*. In June 2010, the Superior Court granted the Trustees' motion for summary judgment and entered judgment in its favor for $18,059 in unpaid common expenses.

On September 2, 2010, the Trustees commenced a second action against plaintiff, seeking the appointment of a receiver. *See Trustees of Andover Gardens Condo Trust v. Sharma*, 1077CV01869 (Essex Superior Ct., Mass.) ("*Trustees of Andover Gardens Condo Trust v. Sharma II*"). Attorney Terranova again represented the Trustees. On January 19, 2011, after plaintiff had defaulted on the complaint, attorney Peter J. Caruso entered an appearance on their behalf. On February 10, 2011, the court appointed Michael B. Feinman, Esq., as a receiver. Attorney Feinman filed an Amended Final Account and Request for Dismissal on January 26, 2012. The following day, the court allowed the motion, noting that the parties had assented to it.

---

[1] The court takes judicial notice of the three prior state cases between plaintiff and the Trustees, including the proceedings and orders on the public docket. With one exception, the quotations in this section are taken from the dockets of the state-court actions. These dockets are available to the public through www.masscourts.org (last visited Feb. 10, 2020).

3

The docket text does not provide any specifics of the amended final account.

On November 13, 2018, plaintiff, proceeding *pro* se, commenced an action against the Trustees. *See Sharma v. Trustees of Andover Gardens Condo Trust*, 1877CV01631 (Essex Superior Ct., Mass.). In that complaint, plaintiff alleged that "she came to know on June 3, 2011 that Trustees of Andover Garden Condominium Trust ha[d] unlawfully managed to withdraw approximately $192,000 dollars from [her] accounts at Sovereign Bank [now Santander] and Fidelity Investments for [the] unpaid condominium fee of approximately $18,059.33 without my permission." Compl. ¶ 2, *Sharma v. Andover Gardens Condo Trust*.[2]

On June 11, 2019, the Trustees, represented by attorney Terranova, filed a motion to dismiss. According to the docket, the Trustees argued that "part of this action alleging conversion of the plaintiffs' funds from Sovereign [now Santander] Bank and Fidelity Investments as the claim for conversion is time barred under [the] statute of limitations, MGL C. 260, sections 2A and 4." On September 20, 2019, in an endorsed order set forth on the docket of the case, the court granted the Trustees' motion to dismiss the complaint as time-barred.

### B. Actions Pending in this Court

#### 1. *Sharma v. Santander Bank*, C.A. No. 19-12184-FDS

The complaint in *Sharma v. Santander Bank*, C.A. No. 19-12184-FDS, alleges that in 2011, plaintiff discovered that all her funds in an account with Santander Bank were missing. Santander is the only defendant. The complaint alleges that despite her several inquiries to Santander concerning the disappearance of her funds, the bank was not able or refused to disclose to her what had happened to the funds in her account. It further alleges that in 2017, she

---

[2] Plaintiff's one-page complaint in *Sharma v. Andover Gardens Condo Trust*, 1877CV01631 (Essex Superior Ct., Mass.), was included as an exhibit to Santander Bank's memorandum in support of its motion to dismiss. *See Sharma v. Santander Bank*, C.A. No. 19-12184-FDS, Compl. Ex. 1, at 1.

4

discovered that Santander had issued a check from her account in the amount of $28,069.09 to attorney Michael Feinman, and that attorney Feinman had submitted a letter to the bank "with Falsified information and false pretense." Compl. at 6 (as in original). The complaint alleges that "Attorney Feinman and Santander Bank committed wire and mail fraud by intercepting [plaintiff's] mail to obtain information on my bank accounts and identify theft." *Id.* at 7.

The complaint invokes this court's federal-question jurisdiction. *Id.* at 3; *see* 28 U.S.C. § 1331 (providing that "[t]he [federal] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). It purports to assert a claim under 18 U.S.C. § 656, which provides criminal penalties for theft, embezzlement, or misapplication of assets by a bank officer or employee, as the basis for that jurisdiction. It seeks $10.5 million in damages.

Although a summons has not issued in the case, on November 26, 2019, counsel for Santander appeared and filed a motion for dismiss for failure to state a claim upon which relief can be granted. Santander argues that plaintiff's claims are time-barred and barred by the doctrine of claim preclusion. Plaintiff did not file an opposition to the motion to dismiss.

### 2. *Sharma v. Fidelity Investments*, C.A. No. 19-12186-FDS

The complaint in *Sharma v. Fidelity Investments*, C.A. No. 19-12186-FDS, alleges that attorney Feinman and Fidelity "conspired and committed bank fraud by getting hold of [plaintiff's] account and conversion of [her] stocks at Fidelity Investments" without her knowledge or authorization. Compl. at 6. The complaint alleges that she called Fidelity in 2011 to check on the status of her stocks and was informed that she did not have any. Fidelity allegedly represented to plaintiff that it did not know what happened to her stocks. According to the complaint, after she reported the matter to the Andover Police Department, three detectives

worked with her on the matter for two weeks but were unable to make any progress.

The complaint further alleges that in 2017 plaintiff made a complaint against attorney Feinman with the Board of Bar Overseers. It alleges that, in response to her complaint, "attorney Feinman provided 40-50 pages of document[s] to me which included copies of three checks issued by Fidelity Investments to attorney Feinman in the amounts of approximately $166,000." *Id.* at 7. It further alleges that attorney Feinman "got this money on the basis of falsified documents." *Id.*

As in the complaint against Santander, the complaint purports to assert claims under 18 U.S.C. § 656 and invokes federal-question jurisdiction. It seeks $11 million in damages "for participating in these federal crimes (mail, wire, and bank fraud)." *Id.* at 8. Fidelity is the only defendant.

### 3. *Sharma v. Terranova, et al.*, C.A. No. 19-12220-FDS

The third action is against attorney Feinman, attorney Terranova, attorney Peter Caruso, and the Andover Gardens Condominium Trust.[3] The complaint alleges that these parties "conspired and defrauded" Fidelity and Santander to steal a total of $206,000 of plaintiff's money from those institutions in 2011. Compl. at 6. It further alleges that the Trust and the three defendant attorneys "intercepted [her] mail to obtain information on [her] bank accounts, investments, real estate including [her] primary residence and rental properties, [her] goods in the house, and other personal information for more than a year." *Id.* It further alleges that

---

[3] The complaint identifies "Andover Gardens Condominium Trust" as a defendant. However, subject to an exception not applicable here, under Massachusetts law "a trust is not a legal entity which can be sued directly." *Morrison v. Lennett*, 415 Mass. 857, 859-60 & n.7 (1993); *see also Keefan v. Pellerin*, 76 Mass. App. Ct. 186, 187 n.2 (2010) (citing *Morrison* and noting that, in lawsuit brought against a condominium trust, "the trust was not the proper party to sue"); M.G.L. ch. 182, § 1 (defining "trust" for purposes of M.G.L. ch. 182 as a trust "operating under a written instrument or declaration of trust, the beneficial interest under which is divided into transferable certificates of participation or shares . . . ."); M.G.L. ch. 182, § 6 (providing that a "trust" may be sued).

attorney Terranova represented the Trustees in *Trustees of Andover Gardens Condo Trust v. Sharma II* without their authorization. According to plaintiff, attorney Terranova "created [sic] a counsel, attorney Peter Caruso," to represent plaintiff, and he "abused the legal process" by "[i]nitiating a trial without probable cause," engineering the appointment of his friend attorney Feinman as receiver, filing motions for default, and "fabricating" court judgments. *Id.* at 7. The complaint alleges that all the defendants conspired to commit bank fraud, and that the Trust "conspired in a silent way by not stopping" the three attorney defendants. *Id.* at 8. It concludes that "[a]ll four defendants conspired against [her] to commit bank fraud." *Id.*

The complaint purports to assert claims under 18 U.S.C. §§ 1341, 1343, and 1344, and again invokes federal-question jurisdiction. *See* Compl. at 3. It seeks $15 million in damages against each of the attorney defendants and $6 million in damages against the Trust.

## II. Discussion

### A. Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). As a general matter, federal courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331, and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.[4] All three complaints invoke the court's federal-question jurisdiction.

The complaints purport to assert claims arising under various federal criminal statutes:

---

[4] Plaintiff here does not invoke the court's jurisdiction under § 1332, nor does she purport to assert any state-law claims. In any event, diversity of citizenship clearly does not exist between the parties in *Sharma v. Terranova*, and there are no allegations in the other two complaints as to the citizenship of either Santander or Fidelity; indeed, plaintiff left those portions of the form complaint blank.

7

those creating the crimes of bank embezzlement, mail fraud, wire fraud, and bank fraud. Those statutes do not, however, create a private right of action to bring a civil claim against an alleged wrongdoer. *See*, *e.g.*, *Wisdom v. First Midwest Bank, of Poplar Bluff*, 165 F.3d 402, 408 (8th Cir. 1999) (holding that no private right of action exists under 18 U.S.C. §§ 1341 or 1343); *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954-55 (N.D. Tex. 2013) (same, as to 18 U.S.C. § 656); *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005) (same, as to 18 U.S.C. § 1344).

Plaintiff's attempted assertion of a civil right of action under federal criminal statutes is "so devoid of merit" as to call into question the existence of federal-question jurisdiction. *See Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974) (stating that dismissal for lack of subject-matter jurisdiction based on the inadequacy of the federal claim is appropriate where the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy"); *Bell v. Hood*, 327 U.S. 678, 682 (1946) (holding that dismissal for lack of jurisdiction is appropriate if it is not colorable, that is, "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous"); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *Merrell Dow Pharm Inc. v. Thompson*, 478 U.S. 804, 817 (1986).

Unfortunately, the case law as to the "dichotomy" between lack of subject-matter jurisdiction and failure to state a claim is often confused and inconsistent. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (discussing how courts have been "less than meticulous" in addressing the issue). Moreover, the court can never assume the existence of subject-matter jurisdiction, but must make an affirmative decision as to its existence. Under the circumstances, the Court concludes that the claims here—which, again, purport to assert civil causes of action

arising out of federal criminal statutes—are sufficiently colorable to confer federal-question jurisdiction, even if only barely so. The Court will therefore address the merits of the claims.

### B. Failure to State a Claim

The asserted claims present two obvious issues: the statute of limitations and claim preclusion.[5]

#### 1. Statute of Limitations

Depending on how the claims are construed, they could be subject to a three, four, or six-year period of limitations under Massachusetts law, which applies in this context. *See* Mass. Gen. Laws ch. 260, §§ 2A (three-year statute of limitations for tort claims), 5A (four-year statute of limitations for action for consumer claims under chapter 93A), and 2 (six-year statute of limitations for breach of contract claims). Here, by her own representations, plaintiff knew at least seven years before filing three lawsuits that she had been harmed by the alleged misconduct. Thus, regardless of how her claims are construed, they are time-barred.

#### 2. Claim Preclusion

All three cases involve claims that were, or should have been, raised in *Sharma v. Trustees of Andover Gardens Condo Trust*, her earlier state court proceeding (which itself was dismissed as time-barred). The new claims are therefore barred under principles of claim preclusion.

The doctrine of claim preclusion, or *res judicata*, prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892

---

[5] Although the statute of limitations and claim preclusion are affirmative defenses, and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts to avoid potential affirmative defenses, a complaint can be dismissed for failure to state a claim if its allegations show that relief is barred by the defense. *See Bock v. Jones*, 549 U.S. 199, 215 (2007).

9

(2008). Claim preclusion requires proof of three elements: "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010). Those three elements are clearly satisfied here.

First, plaintiff brought an earlier suit, which was dismissed by the court and not appealed. That dismissal constitutes a final judgment on the merits for purposes of claim preclusion. *See Airframe*, 601 F.3d at 14 (citing *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005)) (holding that dismissal for failure to state a claim is "plainly a final judgment on the merits").

Second, plaintiff's claims all arise from the same basic allegation that the Trustees stole money from her accounts at Santander Bank and Fidelity. Those claims either were actually brought, or should have been brought, in the earlier action.

Third, the defendants in this suit are sufficiently identical or closely related to the defendant named in the earlier suit such that principles of claim preclusion should apply.

Accordingly, because all three elements are satisfied, plaintiff's claims are barred by principles of claim preclusion.

### III.  Conclusion

For the foregoing reasons:

1. Defendant's motion to dismiss in *Sharma v. Santander Bank*, C.A. No. 19-12184-FDS, is GRANTED and the action is DISMISSED.
2. *Sharma v. Fidelity Investments,* C.A. No. 19-12186-FDS, is DISMISSED.
3. *Sharma v. Terranova*, C.A. No. 19-12220-FDS, is DISMISSED.

**So Ordered.**

                                        /s/ F. Dennis Saylor IV
                                        F. Dennis Saylor IV
Dated: February 25, 2020             Chief Judge, United States District Court